The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams* (1992), 76 Ohio App.3d 806.]

Court of Appeals of Ohio,
Jackson County.

No. 643.

Decided Jan. 30, 1992.

*John Gosling*, Special Prosecuting Attorney, for appellee.

*Cassidy & Meeks, R. William Meeks* and *Samuel H. Shamansky*, for appellant.

GREY, Judge.

This is an appeal from a jury verdict of the Jackson County Common Pleas Court finding Dr. Robert A. Williams guilty of nine counts of illegal processing of drug documents in violation of R.C. 2925.23(B)(2). We reverse.

During periods of time between July 15, 1987 and July 28, 1987 and December 12, 1987 and January 2, 1988, Williams was out of state. Prior to leaving in each instance, Williams pre-signed prescription blanks. In his absence, Williams' office staff filled in those blanks for maintenance medications for some of Williams' patients.

The Board of Pharmacy investigated Williams' actions and spoke with Williams concerning the pre-signing of prescription blanks. At first Williams denied pre-signing such blanks but then admitted that he did so.

The Jackson County Grand Jury indicted Williams on one hundred and forty counts of illegal processing of drug documents in violation of R.C. 2925.-23(B)(2) and one count of theft in violation of R.C. 2913.02. The trial court ordered the special prosecutor to select ten of the one hundred forty-one counts to prosecute at trial. The prosecutor included nine violations of R.C. 2925.23 and the sole theft count.

The matter proceeded to a jury trial. The state presented testimony of the investigator from the Ohio Board of Pharmacy, from various pharmacists in and around Jackson and from the District Director of the Workers' Compensation Bureau. At the close of the state's evidence Williams filed a Crim.R. 29

motion for acquittal. The court denied that motion and the defense presented its evidence. Williams took the stand in his own defense.

At the close of all of the evidence Williams again moved for acquittal. That motion was again denied. The trial court instructed the jury and included, over Williams' objection, a definition of the word "prescription."

The jury found Williams guilty on the nine charges of illegal processing of drug documents and not guilty of the charge of theft. Prior to sentencing, the prosecutor entered a *nolle prosequi* as to all untried counts. The trial court sentenced Williams to one year on each of the nine counts to be served concurrently and ordered that he pay a fine of $12,000 plus court costs. The court suspended all but thirty days of Williams' sentence and ordered that he be placed on probation for five years. The court stayed the execution of the thirty-day sentence pending this appeal. Williams appeals and assigns two errors:

### First Assignment of Error

"The trial court's instructions to the jury were a misstatement of the applicable law, which deprived appellant of due process of law and the right to be prosecuted by way of indictment returned from a grand jury, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16, Ohio Constitution."

█ Williams' basic assertion here is that the trial court's instruction required the jury to consider an offense with which Williams had not been charged. Specifically, Williams asserts that the court instructed the jury on the legal implications of prescriptions rather than prescription blanks. We agree.

The indictment charging Williams stated:

"Dr. Robert A. Williams did intentionally make, utter, or sell or knowingly possess a false or forged, uncompleted, pre-printed prescription blank used for writing a prescription * * * in violation of the Ohio Revised Code, Title 29, section 2925.23(B)(2) * * *."

R.C. 2925.23(B), illegal processing of drug documents, provides in pertinent part:

"(B) No person shall intentionally make, utter, or sell, or knowingly possess a false or forged:

"(1) Prescription;

"(2) Uncompleted preprinted prescription blank used for writing a prescription."

Williams asserts that although he was indicted and charged under Section (B)(2), the trial court instructed the jury to consider an element present in (B)(1), that is, the definition of "prescription." Williams contends that he did not make, utter, sell or knowingly possess a false or forged *prescription*. We agree.

There was nothing on the face of any of the prescriptions in evidence that was either false or forged. Thus, a jury instruction defining "prescription" pursuant to (B)(1) was not applicable to the offense with which Williams was charged. See, generally, *State v. Canitia* (Jan. 19, 1984), Cuyahoga App. No. 46946, unreported, 1984 WL 14176. The trial court erred in so instructing the jury. Williams' first assignment of error is well taken and is sustained.

We now turn to Williams' second assignment of error, which states:

"The trial court erred when it overruled appellant's motion for judgment of acquittal made pursuant to Crim.R. 29, thereby depriving him of Due Process of Law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16, Ohio Constitution."

Williams asserts that the trial court should have granted his motion for judgment of acquittal because the evidence presented by the state was not sufficient to sustain convictions on the offenses charged. We agree.

Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 514 N.E.2d 394; *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184.

Williams was indicted under R.C. 2925.23(B)(2), which prohibits the making, uttering, or selling, or knowingly possessing a false or forged uncompleted preprinted prescription blank used for writing a prescription. A complete review of the record below shows insufficient evidence to support the charges under which Williams was indicted. Williams admitted that he presigned prescription blanks on two separate occasions before leaving on trips. There is nothing to indicate that those pre-signed uncompleted preprinted prescription blanks were in any way false or forged.

Before we can reverse on this assignment of error, we must construe the evidence most favorably toward the state. But in doing so, we can only conclude that the entire foundation of the state's case is sophistry. The state's theory of the evidence requires a reasonable person to conclude that any of the documents in question here is an uncompleted pre-printed prescrip-

tion blank, a completed pre-printed prescription blank, a prescription, and a forged prescription—all at the same time.

The state relies on *State v. Black* (May 26, 1982), Lorain App. No. 3272, unreported, 1982 WL 5023, to assert that these prescriptions were "false," but *Black* is completely distinguishable. In *Black*, a podiatrist was convicted of writing prescriptions for someone he was not treating, the husband of one of his patients. In *Black*, the court held, logically, that if a prescription is not true, it must be false. Here, the state would substitute tautology for logic. The state argues that the prescriptions in this case are illegal because they are false and false because they are illegal. A conviction based on this kind of reasoning cannot be allowed to stand.

The charges against Williams seem to fly in the face of the spirit of and the intent of the legislature in creating R.C. 2925.23 to prevent doctors from becoming licensed drug dealers. There is absolutely no evidence of illegal drugs in this case.

Pursuant to *Apanovitch* and *Bridgeman, supra*, Williams' second assignment of error is well taken and is sustained. The decision of the trial court is reversed and defendant Williams is discharged.

*Judgment reversed.*

STEPHENSON, P.J., concurs in judgment only.

HARSHA, J., concurs in part and dissents in part.

HARSHA, Judge, dissenting in part and concurring in part.

I dissent from the principal opinion's treatment of the first assignment of error and concur in judgment on the second assignment of error as set forth more fully below.

Appellant's first assignment of error asserts that the trial court erred in instructing the jury on the definition of "prescription" and "false." Appellant contends that the court's instructions on these two terms "constructively amended" the indictment to reflect a violation of R.C. 2925.23(B)(1). However, both terms defined by the trial court are contained in the pertinent statutory provision, *i.e.*, R.C. 2925.23(B)(2). Moreover, the definitions given comport with both R.C. 3719.01(CC) and relevant case law. *Black, supra; State v. Gotsis* (1984), 13 Ohio App.3d 282, 13 OBR 346, 469 N.E.2d 548. Accordingly, I am unpersuaded that the court below committed error in its instructions, and appellant's first assignment of error should be overruled.

I agree that the trial court erred in overruling appellant's Crim.R. 29 motions for acquittal, but for somewhat different reasons than those expressed in the principal opinion. While I agree that *Black* is distinguishable

in part because some of the prescriptions there were issued to nonpatients, I believe the decision in *Black* was correct but premised upon an improper rationale. The prescriptions in *Black* which were issued to Mrs. Pringle were false in that they implied that the drugs were needed for medical treatment, when, in fact, they were prescribed to satisfy a physical addiction. In the case before us, there is no dispute that the prescriptions were for treatment of actual medical conditions for actual patients. Nor does the evidence indicate that Dr. Williams was patently overprescribing medication. What is complained of is the manner of the issuance of the prescriptions.

In my opinion, Dr. Williams' improper medical practice does not rise to the level of making a false prescription or uncompleted prescription blank. In support of this position is R.C. 3719.06, which specifically addresses the procedure of how to properly issue a prescription.[1] R.C. 3719.06(A) states in part:

"(A) * * * Each written prescription shall be dated and signed by the practitioner prescribing on the day when issued and shall bear the full name and address of the person for whom the controlled substance is prescribed and the full name, address, and registry number under the federal drug abuse control laws of the person prescribing."

Failure to comply with this section is a misdemeanor. See R.C. 3719.99.

I agree with the principal opinion that R.C. 2925.23 is designed, in part, to prevent a doctor from "pushing drugs." It is not designed to regulate the procedure for practicing medicine. While appellant undoubtedly was not following appropriate standards of professional conduct, nor complying with R.C. 3719.06, or Ohio Adm.Code 4529-5-30, I am not convinced his conduct resulted in making false prescriptions/blanks. While Williams may have been subject to administrative action such as suspension or revocation of his license, as well as misdemeanor prosecution under R.C. 3719.06, we must address the sufficiency of the state's evidence to support a conviction under R.C. 2925.23(B)(2). Because I do not agree that actions that are outside the scope of professional conduct are, *per se,* false or criminal in nature, I concur in sustaining the second assignment of error under the standard set forth in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

In conclusion, had Williams been charged with prescribing drugs for an individual who was not a patient, or for a patient who did not have a condition, or for a patient with a condition but in patently improper quantities, he would

---

1. Appellant does not raise the issue of the application of a special provision (R.C. 3719.06) over a general provision (R.C. 2925.23) on appeal. See *State v. Chippendale* (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134. Accordingly, we need not address this issue.

be subject to the provisions of R.C. 2925.23. These actions would be false because they intentionally misstate a medical need, not simply because they are outside the scope of professional conduct.